IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                         PLAINTIFF

vs.                              Cr. No. 14-50003

RANDALL ACTON WEST                                               DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is the Defendant's pro se **Motion for Remittitur (Doc. 53)**. The undersigned, being well and sufficiently advised, finds and orders as follows with respect thereto:

On September 10, 2015, Defendant pled guilty to four counts of willfully failing to file individual income tax returns, in violation of 26 U.S.C. § 7203. (Doc. 20.) On February 29, 2016, a judgment was entered sentencing the Defendant to 14 months total imprisonment, a total of one year of supervised release, and restitution in the amount of $95,825.56. (Doc. 42.) Defendant served his term of imprisonment and his term of supervised release expired on April 21, 2017. (Doc. 52.)

In the motion currently before the Court, Defendant requests that his restitution obligation be reduced or that he be granted "a new trial on the matter." Defendant states that the United States Tax Court dismissed "the action based upon the Internal Revenue[']s admissions therein . . . that the defendant never received the mandatory notices supporting any claims of the Internal Revenue Service ...."

The undersigned first notes that the Tax Court order to which the Defendant refers is a dismissal of an action brought by the Defendant for lack of jurisdiction. (Doc. 53 at pg. 2.) The Tax Court did not issue any ruling on any claims raised by the Defendant regarding taxes owed.

Further, 18 U.S.C. § 3573, the statutory authorization to petition for remission or modification of a fine, is only available to the Government and not the Defendant.  See United States v. Chacon-Vega, 2008 W.L. 313612, *1 (8th Cir. 2008).  Additionally, as the Defendant is no longer in custody, he cannot seek relief under 28 U.S.C. § 2241 or 28 U.S.C. § 2255.  See United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003); Brooks v. Hanson, No. 18-1489, 2019 WL 668499, at *1-2 (10th Cir. Feb. 19, 2019).

Based on the foregoing, Defendant's **Motion for Remittitur (Doc. 53) is hereby DENIED**.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

DATED this 25th day of March, 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
CHIEF UNITED STATES MAGISTRATE JUDGE